EXHIBIT "A"

11/16/16 13:11

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DNOW L.P. d/b/a DistributionNow, a Texas limited liability company; EXXONMOBIL, a Delaware corporation;DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sherry Eaton, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 14 2016

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
111 N Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC640639

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Annette Morasch, Law Office of Annette Morasch, 5301 Raintree Cir. Culver City, CA 90230/323-791-6276

DATE: NOV 14 2016          Clerk, by SHERRI R. CARTER          , Deputy
*(Fecha)*                   *(Secretario)* C.L. COLEMAN          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* DNOW L.P. dba DISTRIBUTION NOW, a TEXAS LIMITED LIABILITY COMPANY

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ANNETTE MORASCH (SBN 263797)
Law Office of Annette Morasch
5301 Raintree Circle
Culver City, CA 90230
Phone: (323) 791-6276
Fax: (323) 617-5523
annette@amoraschlaw.com

Attorney for Plaintiff,
SHERRY EATON

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 14 2016

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| SHERRY EATON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DNOW L.P. d/b/a DistributionNow, a Texas limited liability company; EXXONMOBIL, a Delaware corporation; and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. BC640639<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>2. VIOLATION OF CAL. LABOR CODE § 98.6<br><br>3. VIOLATION OF CAL. LABOR CODE § 6310<br><br>4. PAGA CLAIM UNDER 2699.3 et seq. |

Plaintiff, SHERRY EATON, ("Plaintiff") as an individual by and through her undersigned attorney and for this complaint, against Defendants DNOW L.P. d/b/a DistributionNow, a Texas limited partnership, EXXONMOBIL, a Delaware corporation, and DOES 1-100 inclusive (collectively "Defendants"), alleges upon personal knowledge and belief as to her own acts, and upon information and belief (based upon the investigation of her counsel) as to all other matters, as to which allegations she believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

### I. THE PARTIES

1.   Plaintiff SHERRY EATON (hereinafter "Plaintiff") is, and at all times herein mentioned was, an individual residing in the county of Los Angeles, California. Plaintiff was hired

1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

by DEFENDANTS as an Onsite Supervisor on or around September 16, 2014. Plaintiff was given a new position of Site Coordinator around November 2015. Plaintiff's last day of working for DEFENDANTS was on or around May 16, 2016.

2. Defendant, DNOW L.P. d/b/a DistributionNow is, and at all times herein mentioned was, a Texas limited partnership doing business within the State of California, County of Los Angeles and a joint employer of Plaintiff. DNOW L.P.'s business center is located at the Torrance Refinery.

3. Defendant, EXXONMOBIL is, and at all times herein mentioned was, a Delaware corporation doing business within the State of California, County of Los Angeles and a joint employer of Plaintiff. ExxonMobil's business was conducted at the Torrance Refinery.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

5. Plaintiff is informed, believes, and alleges that, at all times herein mentioned, DEFENDANTS, and each of them, were the alter egos, agents and/or joint employers of each of the other defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

## II.   JURISDICTION AND VENUE

6. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those

given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, their main place of business is conducted within Los Angeles County, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper under Code of Civil Procedure Section 395 in that Plaintiff's injuries occurred within this jurisdiction, and the actions that give rise to Plaintiff's complaint arose within this jurisdiction.

### III. STATEMENT OF FACTS

10. DEFENDANTS EXXONMOBIL and DNOW d/b/a "DistributionNow" ("Defendants") hired SHERRY EATON ("Plaintiff") on or around July 16, 2014 as an Onsite Supervisor.

11. Around November 2015 Defendants re-assigned Plaintiff as a Site Coordinator. During her employment, Plaintiff performed competently and capably.

12. During Plaintiff's employment, one of her co-workers injured his finger on a back door. Plaintiff asked Todd Froom, an ExxonMobil employee, how to make a report of injury. Froom told Plaintiff what to do. Plaintiff followed Froom's instructions.

13. On May 4, 2016, Plaintiff was working for Defendants when she closed a door on a shipping container box. While doing this, she felt a slight twinge in her right shoulder. Plaintiff followed the same protocol Froom instructed her to do after Plaintiff's coworker's injury; namely, Plaintiff reported this incident to her own Site Supervisor, Michael Vincent. Upon information and belief Vincent is an ExxonMobil employee. On the same day, Plaintiff reported the incident to her direct supervisor, Nick Leute.

14. Leute asked Plaintiff if she was alright. Vincent came to Plaintiff in person and asked what happened and Plaintiff explained. Vincent told her next time get a man to close the door. Other employees of the Defendants came and gave Plaintiff an assessment and an ice pack. Plaintiff was fine, and had no lasting pain or problems.

15. Only twelve days after Plaintiff reported the injury incident, on May 16, 2016, Defendants terminated Plaintiff's employment. The termination notice stated: "Violation of ExxonMobil Safety protocol-On May 4, 2016 Sherry Eaton, reported that she sustained a workplace injury. Sherry failed to follow the Exxon refinery protocols in reporting an injury which is a direct violation of Exxon's safety regulations. Sherry Eaton failed to attend Exxon's mandatory safety meetings as required by the customer. Due to the violation of Exxon's Safety protocol employment is being terminated."

16. The DNow employees present in the termination meeting informed Plaintiff that their hands were tied and ExxonMobil told them to terminate Plaintiff.

17. On or around August 22, 2016, Plaintiff's attorney sent a letter to Defendants summarizing in detail the injury incident and termination as laid out above.

18. On September 7 letter, DNow's Corporate Counsel, Jordan B. Chester wrote back to Plaintiff's counsel stating in part, "We reject all claims set forth in your correspondence regarding the wrongful termination of Sherry Eaton on May 16, 2016 and stand behind our decision to terminate Ms. Eaton for cause."

19. Plaintiff has been unemployed since May 16, 2016.

20. Plaintiff sent a letter to the California Department of Labor and Standards Enforcement, and waited the required amount of time prior to filing this lawsuit. The DLSE did not respond in the requisite amount of time to intervene.

///

///

# FIRST CAUSE OF ACTION

# WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(As Against all Defendants)

18. Plaintiff repeats, repleads, and incorporates by reference all paragraphs above, inclusive, as though fully set forth in this cause of action.

19. At all times mentioned, it has been "the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment." Cal. Labor Code § 132a.

20. At all times mentioned, the public policy of the State of California, as expressed and mandated in Cal. Labor Code §98.6, has been to prohibit employers from disciplining, discharging or discriminating against an employee because the employee instituted any proceeding relating to the rights under the jurisdiction of the Labor Commissioner.

21. Plaintiff was retaliated against and terminated because she was injured and reported that injury in the course of work. DNow's corporate counsel also reaffirmed the discriminatory reason for termination. Thus the termination violated the public policy stated in Labor Code §§ 98.6.

22. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the loss of employment related opportunities in her field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287, 3288 and/or any other provision of law providing for prejudgment interest.

23. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

24. Defendants' conduct constitutes oppression, a knowing disregard for the rights of

Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Defendants' conduct, in stating Plaintiff was terminated for cause and for not following safety protocols, is a basis for punitive damages. Plaintiff is further informed and believes and thereon alleges, that this advance knowledge, or act of oppression, disregard or malice and/or act of ratification or authorization were on the part of a managing agent or owner acting on behalf of Defendants and Does 1-100. Upon information and belief, once informed of the wrongful termination, Defendants' managing agents and corporate attorneys conducted no reasonable investigation into the legitimacy of Plaintiffs' termination.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 98.6

(As Against all Defendants)

25. Plaintiff repeats, repleads, and incorporates by reference all paragraphs above, inclusive, as though fully set forth in this cause of action.

26. Under Cal. Labor Code §98.6, it is unlawful for an employer to "discharge an employee or in a manner discriminate against any employee...because the employee...engaged in any conduct..." protected by the Cal. Labor Code.

27. Defendants retaliated against, discriminated against and terminated the employment of Plaintiff because Plaintiff reported a workplace injury. DNow's corporate counsel also reaffirmed the discriminatory reason for termination.

28. The conduct of Defendants constitutes oppression, a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. The conduct of Defendants, in stating Plaintiff was terminated for cause, is a basis for punitive damages. Plaintiff is further informed and believes, and thereon alleges, that this advance knowledge, or act of oppression, disregard or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of Defendants and Does 1-100.

///

///

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 6310

(As Against all Defendants)

29. Plaintiff repeats, repleads, and incorporates by reference all paragraphs above, inclusive, as though fully set forth in this cause of action.

30. Under Cal. Labor Code §6310, is it unlawful for an employer to "discriminate or in any manner discriminate against any employee because the employee has…made any oral or written complaint to…her employer" regarding occupational health and safety.

31. Defendants retaliated against, discriminated against and terminated the employment of Plaintiff because Plaintiff reported a workplace injury. DNow's corporate counsel also reaffirmed the discriminatory reason for termination.

32. The conduct of Defendant constitutes oppression, a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. The conduct of Defendants, in stating Plaintiff was terminated for cause, is a basis for punitive damages. Plaintiff is further informed and believes, and thereon alleges, that this advance knowledge, or act of oppression, disregard or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of Defendants and Does 1-100.

## FOURTH CAUSE OF ACTION

## Civil Penalties Under Labor Code Private Attorneys General Act

(As against all Defendants)

33. Plaintiff, on behalf of herself and all other employees of Defendants similarly situated, alleges and incorporates by reference the allegations in the preceding paragraphs.

34. PAGA, California Labor Code § 2698, *et seq.*, enables a Court to award civil penalties for violations of the Labor Code that, prior to the Act, could be assessed and collected only by the Labor and Workforce Development Agency.

35. Plaintiff has provided notice pursuant to California Labor Code § 2699.3, and on May 3, 2016, asked the California Labor and Workforce Development Agency if it intended to

7

COMPLAINT AND DEMAND FOR JURY TRIAL

investigate alleged Labor Code violations.

36. More than 65 days have passed since the postmark date of Plaintiff's notice to the California Labor Workforce Development Agency, and the agency has not provided notice to Plaintiff regarding its intention to investigate the alleged violations. As such, pursuant to California Labor Code § 2699.3(a)(2)(A), Plaintiff has exhausted her administrative requirements and now seeks civil penalties, attorneys' fees and costs under Cal. Labor Code § 2698, *et seq.*

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks the Court to enter judgment in her favor and against DEFENDANTS DNOW, L.P. d/b/a DistributionNow, EXXONMOBIL, and Does 1 Through 100, inclusive, and each of them, as follows:

A. For reinstatement, and reimbursement of lost wages and lost benefits according to proof in an amount to be ascertained at trial;

B. For payment of punitive damages;

C. For compensation to Plaintiff for emotional distress and other general damages;

D. For payment of all statutory obligations and penalties as required by law;

E. For prejudgment interest at the legal rate;

F. For attorney's fees and costs;

G. For such further relief as the Court may deem appropriate.

Dated: November 14, 2016

LAW OFFICE OF ANNETTE MORASCH

By: _____
ANNETTE MORASCH
Attorney for Plaintiff,
SHERRY EATON

8
COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: November 14, 2016

LAW OFFICE OF ANNETTE MORASCH

By: *[signature]*
ANNETTE MORASCH
Attorney for Plaintiff,
SHERRY EATON